700 So.2d 1302 (1997)
Jennifer HISER
v.
Sean RAJKI, James Kent Daigre, Jr., Barry Lewis Marks, Jr., Jean-Luc Cummins, Delta Chi Fraternity, Jeff J. Sczyepanski, Chris Braun and Jayson McCafferty.
No. 97 CW 2208.
Court of Appeal of Louisiana, First Circuit.
September 30, 1997.
Thomas Hightower, Lafayette, Charles Wm. Roberts, Baton Rouge, for Assicurazioni Generali.
Leonard Cardenas, III, Baton Rouge, for Plaintiff Hiser.
Kim E. Moore, New Orleans, for Defendants.
Before FITZSIMMONS and LeBLANC, JJ., and CHIASSON, J. Pro Tem.
WRIT DENIED. Pivotal to the issue of waiver is knowledge of facts by the insurer that would permit the insurer to raise policy defenses. From the inception of this suit to the filing of an answer, twenty-two days prior to trial, all representation for both the insured and the insurer was undertaken by a single law firm. There is no evidence in the record that would indicate the existence of a nonwaiver agreement between the insurer and the insured.
"[W]hen an insurer, with knowledge of facts indicating noncoverage under the insurance policy, assumes or continues the insured's defense [for example, filing motions to compel and pre-trial inserts] without obtaining a nonwaiver agreement to reserve its coverage defense, the insurer waives such policy defense." Steptore v. Masco Construction Co., Inc., 93-2064 p. 5 (La. 8/18/94); 643 So.2d 1213, 1216. Furthermore, the insurer's notice of its intent to avail itself of the defense of noncoverage must be timely. Foret v. Terrebonne Towing Co., Inc., 632 So.2d 344, 347 (La.App. 1st Cir.1993); writ denied, 94-0734 (La. 5/13/94); 637 So.2d 1067.
With regard to the issue of standing, Louisiana adopted a direct action statute. The plaintiff has standing, along with the insured, to be fully apprised of any affirmative defenses.
Trial courts should not adopt "Rules of Court" to which they do not adhere. Such *1303 deviations create uncertainty and instability in the legal process. In this instance, the trial court clearly violated its own rules as well as La.Code Civ.P. art. 1571. Ordinarily, we would order the trial date to be reset. However, since the trial is currently ongoing such an action would be a waste of judicial economy. The trial has been set since November 15, 1996, and all parties should have been aware that the insurance company had not filed an answer.
REMY CHIASSON, J. Pro Tem., dissents and would grant the writ, thereby allowing the insurance company to assert the defenses raised in its answer filed September 8, 1997. It was premature to set the case for trial until all issues were joined either by answer or by the entry of a preliminary default. La.Code Civ.P. art. 1571.